CHARLES P. BUDD ET AL., Appellants, *v.* GOTTLIEB EYERMANN, Respondent.

June 7, 1881.

1. Money paid under a mistake of fact may be recovered back.

2. Where it appears beyond a reasonable doubt that the plaintiff was to pay for a certain judgment the amount due and collectable thereon, that, unknown to either party, a portion of the judgment had been paid to the

defendant's agent, and that, by mistake, the plaintiff paid that sum in excess of his agreement, he is entitled, as matter of law, to recover back this excess.

Appeal from the St. Louis Circuit Court, Lindley, J.
*Reversed and remanded.*

Overall, Judson & Tutt, for the appellants : The admitted facts establish a case of money paid, by mistake of facts, as alleged in the petition, for the recovery of which an action lies. — 4 Wait's Act. & Def. 469 ; *Harris* v. *Board*, 3 Mo. App. 570 ; *Koontz* v. *Bank*, 51 Mo. 275 ; *Bank* v. *Allen*, 59 Mo. 313 ; *Lawrence* v. *Bank*, 54 N. Y. 435 ; *Burr* v. *Veeder*, 3 Wend. 412.

George A. Castleman, for the respondent : " The purchaser of a chattel cannot rescind the sale without returning it to the vendor, unless it be entirely worthless to both parties. If it be of any value to the vendor, or if its loss would be any injury to him, it must be returned." — *Perley* v. *Balch*, 23 Peck, 283 ; *Shepherd* v. *Temple*, 3 N. H. 455 ; *Sandford* v. *Dodd*, 2 Day, 437 ; *Tisdale* v. *Buckmore*, 33 Me. 461 ; *Dorr* v. *Fisher*, 7 Cush. 274–277 ; *Moyer* v. *Shoemaker*, 5 Barb. 319 ; *Babcock* v. *Carr*, 61 Pa. St. 427 ; *Mohun* v. *Reeves*, 11 Ala. 345 ; *Smith* v. *Smith*, 30 Vt. 139 ; *Dill* v. *O'Furell*, 45 Ind. 268 ; *Morse* v. *Brackett*, 98 Mass. 205 ; *s. c.* 104 Mass. 494.

Lewis, P. J., delivered the opinion of the court.

The petition states that the plaintiffs agreed to purchase from the defendant a certain judgment of which he was the owner, " for and in consideration of an amount equal to said judgment and all interest thereon and costs of suit ; " that this amount, at the date of the purchase, was $325.25, provided nothing had been previously paid ; and the plaintiffs paid that sum to the defendant, who thereupon assigned the judgment to them ; that there had then, in fact, been paid on the judgment divers sums, amounting to $208.25, which payments had never been credited on the judgment,

but were concealed from the plaintiffs by the defendant ; that the plaintiffs are entitled to recover the difference between the sum really remaining due on the judgment at the time of the purchase, and the amount which the plaintiffs thus paid by mistake, to wit, the said sum of $208.25. The answer was a general denial, and the cause was submitted to the court, sitting as a jury.   No declarations of law were asked on either side, or given by the court, and the finding was for the defendant.

It cannot be questioned that if it was agreed between the parties that the price to be paid for the judgment should be the amount then remaining due and collectable upon it, and if, in consequence of concealment or misrepresentation by the seller, or a mistake by both parties, a larger sum was paid by the purchaser, the latter would be entitled to recover back the difference between what he had agreed to pay and supposed he was paying, and the larger sum which he never agreed or intended to pay, but in truth did pay under a misapprehension of the facts.   It is claimed for the plaintiffs that such was the transaction in the present case.   If this be true, the judgment of the court below was wrong.

But it is also unquestionable that the holder of a judgment may sell it for a fixed sum either greater or less than what may be collected upon it ; and if a purchaser chooses to pay ten times such collectable amount, and the holder sells and transfers his judgment for such an exaggerated price, and receives the money, no law can compel the seller to refund any part of the excess over the available value.   A man may, for reasons of his own, be willing to pay $5,000 for a one-thousand-dollar judgment.   The owner may be unwilling to transfer it to that purchaser for a less sum.   If the parties so agree and close the transaction, the courts will leave them where they have placed themselves.

The question to be here determined is, to which of these

classes does the record assign the present case. The answer must be found in the truth or untruth of the allegation in the petition, that the agreed price of the judgment was to be "an amount equal to said judgment and all interest thereon, and costs of suit." If the record does not sustain this allegation, the case is one in which a fixed price was agreed upon and paid for the judgment, without reference to the amount for which it was available. In that event the judgment should be affirmed.

When a case is tried by the court, and no instructions or declarations of law are given or refused, and there is conflicting testimony upon a particular issue, it must always be presumed that the court correctly understands and applies the law to its finding of fact under that issue. This rule furnishes an infallible test by which to determine what was the finding of fact. The finding, so ascertained, is conclusive upon the appellate court. But, in the present case, while there were conflicts in the testimony as to what was distinctly said by the parties, no substantial disagreement appears touching what was really understood between them and finally acted upon. One of the plaintiffs testified that it was agreed that the plaintiffs were to pay for the judgment, "the full amount of it and costs — everything, so as to make it clear, so as to give him [the defendant] everything which he would be entitled to under that. * * * He said he would sell me the judgment on the whole seven houses, so that I could recover the full amount from them for $325.25, the total amount. * * * He said if it [any part of the judgment] was [paid], he would return the check" (given for the purchase-money). The defendant's testimony in his own behalf contradicts these statements. He professes to detail all that occurred at the time of the transfer, and declares that "not one word more" was said by either party. His account is substantially, that one of the plaintiffs proposed to buy, and he consented to sell. The plaintiff then said: "Let us go up

and see what the amount is." They went up to the clerk's office, got the judgment record, and figured up the amount appearing to be due, including the costs, for which amount the plaintiff gave the defendant a check. The defendant got the check cashed at once, and paid the costs to the sheriff. He was asked this question: "Did you know at the time that any amount had been collected upon this judgment?" His answer was: "No, sir, I did not, or else I would not take that money."

We think that, notwithstanding discrepancies between the two statements, it clearly appears, even from the defendant's testimony, that the mutual understanding fixed the price to be paid for the judgment at the amount then due and collectable upon it. Why, else, should the defendant declare that, if he had known of the previous payments on the judgment, he would not have taken the money from the plaintiff? That declaration, coupled with the concurrent action of the parties in going to ascertain what was due, leaves no room for a doubt of what was in the minds of both parties, and intended to be carried out in the payment and transfer.

In this view, the testimony was all one way, and uncontradicted as to the one vital issue which was to determine the controversy. There is here no invitation to weigh conflicting testimony. But one legal conclusion is possible from the testimony on both sides, and that conclusion rejects the only defence against the plaintiffs' claim. The judgment must therefore be reversed and the cause remanded. All the judges concur.