HOT SPRINGS RY. CO. v. MAHER.

CONTRACTS: *Conclusiveness of decision of referee.*
> Where parties agree that all questions relating to the quality, quantity or manner of construction of work to be done shall be decided by an engineer in charge of the work, and that his decision shall be final and conclusive, his decision cannot be questioned by either party except for fraud or such gross mistake as would necessarily imply bad faith, or a failure to exercise an honest judgment.

APPEAL from *Saline* Circuit Court.
Hon. J. B. WOOD, Judge.

*G. W. Shinn,* for appellant.

The contract sued on in this cause is too clear and plain to be in the least ambiguous ; and by its terms the plaintiff is at once precluded from claiming that there was any other or outside understanding, or that the estimate or classification of work done is greater or different than that made by French. The contract in that respect is unmistakable; only *one* conclusion can be arrived at, and that is absolutely a certain one, and in the words of the contract, as follows : " It is mutually agreed, by and between the parties hereunto, that all questions relating to *quantity, quality,* or *manner of construction* of said above stipulated work, shall be decided by the engineer in charge of said work, and his decision shall be final and conclusive on all matters pertaining to this contract."

French was the engineer in charge of said work, and testified that he made the estimates, as the work progressed, from cross sections taken from the excavations. The plaintiff and defendant *mutually agreed* that French, who was the engineer in charge of said work, should decide all questions, not only relating to the quantity, quality or manner of construction, but also that such " *decision shall be final and conclusive on all matters pertaining to this contract."* The agreement is complete, and the defendant's engineer is the chosen and trusted agent of plaintiff, to classify and estimate the amount of work done, and this agreement to hold defendant to the estimate and classification that the engineer shall make, is as binding on plaintiff that he shall also abide said estimate and classification.

The proposition that a written contract cannot be varied is of too long standing and is too well recognized as one of the foundation principles of the law of contracts to be questioned. *Bishop on Contracts, secs. 175, 355, 58; Roane v. Green & Wilson, 24 Ark., 210; Jordan v. Fenno, 13 Ark., 593; Glanton v. Anthony et al., 15 Ark., 543; Quartermous v. Kennedy, 29 Ark., 544; Parsons on Contracts, vol. 2, p. 547 et seq.*

The estimates and classification of the engineer, French, are conclusive against the plaintiff. *Martinburg & Potomac R. R. v. March, 114 U. S., 549; Kihlberg v. United States, 97 U. S., 398; Sweeney v. United States, 109 U. S., 618.*

The court erred in permitting plaintiff to testify as to the number of days work was done. This was irrelevant.

*U. M. & G. B. Rose*, for appellee.

The estimates of the engineer were not binding on appellee if they were so apparently erroneous as to show either fraud or such gross mistake as to imply bad faith. *97 U. S., 398; 109 U. S., 618; 114 U. S., 549.* This, in substance, the court instructed the jury. See, also, *26 N. Y., 33; 63 N. Y., 339; 45 Vt., 433; 13 Ill., 147; 15 ib., 49; 14 Gratt., 448; 7 Wisc., 516; 54 ib., 242; 79 Ill., 173, 181.*

These cases show that the determination of the engineer is conclusive only in the absence of fraud and mistake.

CONTRACTS

Estimates of referee, when conclusive.

BATTLE, J. This action is founded on a contract made and entered into by the defendant, the Hot Springs Railroad company, as the party of the first part, and the plaintiff, P. J. Maher, as the party of the second part, in which they agree as follows:

" That for and in consideration of the payments hereinafter stipulated, to be well and truly made by the party of

the first part, the party of the second part hereby agrees that he will build, or cause to be built, construct and grade a certain portion of the proposed change or alteration of the line of the Hot Springs Railroad on the west slope of Sulphur Hill, on said line of railroad, commencing at or near to Station One, on said new line, and running to and terminatinng at or near Station No. Ten, on said new line.

"In consideration of the faithful performance of the above stipulated work, completed to the satisfaction of the engineer in charge of said work, for and in behalf of said railroad company, said party of the first part agrees to pay to the party of the second part the sum of twenty cents per cubic yard for all earth excavation,ᵢ and fifty cents per cubic yard for all loose rock excavation, and one dollar per cubic yard for all solid rock excavation, and to pay for said work on semi-monthly estimates, in full for all work done at time of making estimate, less 10 per cent., which shall be reserved from each estimate until said contract shall have been fully completed and complied with by the party of the second part.

"It is mutually agreed by and between the parties hereunto that all questions relating to quantity, quality or manner of construction of said above stipulated work shall be decided by the engineer in charge of said work, and his decision shall be final and conclusive on all matters pertaining to this contract. The party of the second part agrees to commence said work on or about the 4th day of August, 1884, and to complete the same within sixty working days thereafter."

G. M. French, the engineer in charge of the work mentioned in the contract, made an estimate of the quantity and quality of the work done by plaintiff and the amount due him therefor under the contract, and ascertained that there was due $1847.15, of which defendant had paid

$1836.41, leaving due $10.74. Plaintiff refused to abide by this estimate, but insisting that it was wrong and erroneous, sued for the amount he contends is due him according to the contract.

The evidence introduced in the trial as to the quantity and quality of the work done under the contract is conflicting. Plaintiff was allowed to prove, over the objection of defendant, how many hands were employed in doing the work sued for, the number of days they were employed in the work, and the amount of each kind of the work done they could do in a day.

The court instructed the jury, at the request of plaintiff, over the objections of defendant, as follows:

2. "If the jury believe that the decision of French was arrived at or obtained by any fraudulent practice, suppression of evidence, or gross error or mistake, they will find for the plaintiff what they believe from the evidence he is entitled to recover.

3. "Fraud is the wrongful and intentional deprivation of a person of his legal rights.

5. "No act of French which was done fraudulently or in gross mistake of fact in his estimate, will bind Maher."

The defendant asked for the following instructions:

1. "The plaintiff and defendant having, by their contract, selected the engineer in charge of the work to be done under it, to estimate the work and decide all questions pertaining to it, and agreed that his decision should be final, his classification of the work done under said contract is conclusive upon them.

2. "To warrant you in finding for the plaintiff on account of any work done by him under the contract read in evidence in this case, it is necessary that the evidence clearly establish in your opinion that the engineer in charge

of the work intentionally made a false classification of the work.

.3  " If you believe from the evidence in this case, that there is no uniform and fixed rule among engineers in classifying rock removed in excavating, and that some engineers would have classified the rock excavated by plaintiff, as the engineer in charge of said work did, while others would have classified it differently, the classification and estimate of said engineer in charge must be taken as conclusive and binding upon the plaintiff.

4.  " If you believe from the evidence that it is impracticable and impossible to make a correct survey and cross-section of the work performed by the plaintiff under the contract, after the excavation has been completed, so as to estimate correctly the amount of work done, you are instructed that you cannot take into consideration, in arriving at your verdict, any estimate of work done, which has been made from cross-sections taken after the excavation; and the estimate and classification as made by the defendant's engineer under the contract sued on, is binding and conclusive upon the plaintiff, unless you find from the evidence that said estimate is false, fraudulent and intentionally incorrect."

The court refused to give these instructions as asked, but modified the first by adding to it, at its conclusion, the following words: "Unless it clearly appears that he was mistaken in such classification, or that the same was fraudulently made by him." And modified the second by adding, "or that he was mistaken in such classification," and the third by adding, "if made honestly and in good faith," and gave the first, second and third as modified, and refused the fourth.

The jury returned a verdict in favor of plaintiff for

$425.40.   Defendant filed a motion for a new trial, which was overruled, and he saved exceptions, and appealed.

The contract sued on provides :   ''That all questions relating to quantity, quality or manner of construction of the work stipulated to be done shall be decided by the engineer in charge of said work, and his decisions shall be final and conclusive on all matters pertaining to the contract.''

By these terms of the contract both parties agree to abide the decisions of the engineer in charge of the work as to the quantity and quality of the work done under the contract.   They are clear and precise, leaving no room for doubt as to the intention of the contracting parties ; and seems to be susceptible of no other interpretation than that the estimates of the engineer, as to the quantity and quality of the work done were intended to be final and conclusive.   They show that both parties considered the possibility of disputes arising between them in reference to the execution of the contract, and that to prevent the interests of either being put in peril by disputes as to any of the matters covered by their contract, or in reference to the quantity or quality of the work done under it, or the compensation which the plaintiff might be entitled to demand, expressly stipulated that the engineer's decision should be final and conclusive.   While both parties well knew the engineer might err, yet neither reserved the right to revise his decisions and estimates for mere errors or mistakes upon his part; but while they saw fit to risk his estimates and decisions, it is presumed that the estimates and decisions on which they relied and agreed to abide, were estimates and decisions to be made in good faith, and the exercise of an honest judgment.   It would follow, then, that in the absence of fraud, or such gross mistakes as would necessarily imply bad faith, or a failure

to exercise an honest judgment, the estimates of the engineer are conclusive, and otherwise not. *Kihlbery v. U. S., 97 U. S., 398; Martinburg & Potomac R. R. v. March, 114 U. S., 549; Sweeny v. U. S., 109 U. S., 618; Baltimore & Ohio R. R. Co. v. Polly, Woods & Co., 14 Grat., 459.*

The instructions of the court were well calculated to mislead the jury, by leading them to believe that the estimates of the engineer as to the amount and character of the work done were not binding on either party if there were any mistakes in them. They were not informed by the court that the errors or mistakes which would avoid the decisions or estimates of the engineer must have been so gross, or of such a nature, as necessarily implied bad faith upon the part of the engineer.

There was no error in allowing the evidence objected to by appellant to go to the jury. It tended to show the amount and character of the work done by appellee, and was admissible for that purpose and no other.

The judgment of the court below is therefore reversed, and this cause is remanded with instructions to the court to grant appellant a new trial.