EMILE F. DEL BONDIO, Appellant, v. JACOB DOLD
PACKING COMPANY, Respondent.

### Kansas City Court of Appeals, April 3, 1899.

1. **Sales:** CONSTRUCTION: INSPECTOR'S CERTIFICATE. A contract of
sale construed and held subject to the weights and inspections at the
place of sale and that in the absence of fraud the inspector's decision
in regard to the character of the goods concluded the purchaser.

2. **Contracts:** CONSTRUCTION: CONDUCT OF PARTIES. Circumstances
attending the making of a contract, as well as the conduct of the
parties to the instrument, are entitled to a great weight in arriving at
their intention.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

AFFIRMED.

THEO. L. CARNS for appellant.

(1) How can these simple sales memoranda be tortured
into meaning that the appellant shall be bound and concluded
by the action of Kansas City weighers and inspectors? How
can they be made to relieve respondent from its duty under
the law to furnish sound and merchantable pork? Nothing
less than a "general custom" could ever perform such wonders.
Where there is no ambiguity in the terms of a contract, and
nothing obscure or uncertain therein, no custom is admissi-
ble to vary or extend its terms. Kimball v. Brawner, 47
Mo. 398; Fruin v. Railway, 89 Mo. 397; Bank v. Railway,
132 Mo. 492; Martin v. Hall, 26 Mo. 386; Freight Co. v.
Stanard, 44 Mo. 71, 82; Ober v. Carson, 62 Mo. 214; Ins.
Co. v. Neiberger, 74 Mo. 167; Ehrlich v. Ins. Co., 103 Mo.
239; Walsh v. Transportation Co., 52 Mo. 434; Hyde v.

VOL. 79 app—30

Del Bondio v. Dold Packing Co.

Book & News Co., 32 Mo. App. 301; Hill v. Morris, 21 Mo. App. 262; Long Bros. v. Armsby Co., 43 Mo. App. 271; Parkhurst v. Ins. Co., 100 Mass. 301; Martin v. Mill Co., 49 Mo. App. 27; The Harbinger, 50 Fed. Rep. 941; Brown v. Gill & Fisher, Id. (2) In construing a contract, the action of the parties in carrying it out is of great weight. Dobbins v. Edmonds, 18 Mo. App. 315; Osborne v. Henry, 70 Mo. App. 28; Gaslight Co. v. St. Louis, 46 Mo. 121; Skilling v. Bollman, 73 Mo. 665; Freight Co. v. Stanard, 44 Mo. 83; Charles v. Carter, 36 S. W. Rep. (Tenn. Sup.) 396; Long Bros. v. Armsby Co., 43 Mo. App. 267; Story on Agency, secs. 60, 96, 199; Mechem on Agency, sec. 947; Bailey v. Bensley, 87 Ill. 556. (3) . As before stated, the clauses in the sale notes in reference to weighers' and inspectors' certificates are plain and unambiguous, and simply mean that the seller shall furnish the certificates and the purchaser shall repay to the seller the charges of the weighers and inspectors. Language is to be given its ordinary and popular meaning. Hanna v. Land Co., 126 Mo. 1; Lovelace v. Travelers' Protec. Ass'n, 126 Mo. 111; Sachleben v. Wolfe, 61 Mo. App. 28; Richardson v. Railway, 62 Mo. App. 4; Long Bros. v. Armsby Co., 43 Mo. App. 270; Furn. Co. v. Hull, 14 So. Rep. (Ala.) 672.

LATHROP, MORROW, FOX & MOORE for respondent.

(1) Clearly and unquestionably, in the absence of fraud or collusion, of which there is no evidence, the certificate of inspection is absolutely conclusive and binding upon the plaintiff, regardless of the oral testimony upon the subject of custom. The same question was considered and determined in Nofsinger v. Ring, 71 Mo. 149; Bullock v. Lumber Co., 31 Pac. Rep. 367; Chapman v. Railroad, 114 Mo. 549; Neenan v. Donoghue, 50 Mo. 493; Dinsmore v. Livingston Co., 60 Mo. 244; Williams v. Railroad, 112 Mo. 463; Kihlberg v. United States, 97 U. S. 398.

Del Bondio v. Dold Packing Co.

GILL, J.—In March and April, 1894, plaintiff, doing business in New Orleans, Louisiana, contracted with defendant at Kansas City, for the purchase of three car loads of pork. Two of these cars were shipped by defendant from

STATEMENT. Kansas City, and in due time received and paid for by plaintiff at New Orleans, while the other was also shipped, but when it arrived at New Orleans plaintiff declined to accept it unless he was first permitted to inspect the meat. This defendant refused, and subsequently defendant sold said last car to another party.

Plaintiff brought this action in three counts, for damages, alleging that defendant had violated its contract and claiming that the first car load of the meat was short in weight and inferior in quality, that the second was also bad and not up to the grade contracted for, and that defendant had failed altogether to deliver the third car as it agreed. The case was submitted to a jury on voluminous pleadings, evidence and instructions, and resulted in a verdict for plaintiff—$125 on the first count, $62.51 on second count and one cent on third count. Defendant's motion for a new trial was sustained, the trial judge making the following entry of record as indicating the reason for his action:

"The telegrams that passed between Maxent & Son and the defendant, and the memorandum of the contract made in New Orleans evidently meant that the meat should be inspected in Kansas City at the plaintiff's expense, and when this kind of a contract is made the parties are bound by it. The only remedy that can be suggested in this class of cases, where parties refer to third parties the question of determining some part of the contract, is to not enter into such contracts, but provide for weights and inspection, and the like, at the home of the purchaser, either by him or some public officer authorized to act there. The motion for a new trial will be sustained for the reason the court erred in not

sustaining defendant's demurrer to the evidence and under the contract read in evidence the plaintiff is not entitled to recover and the court erred in giving plaintiff's instructions."

From this order granting a new trial plaintiff has appealed to this court.

I.   A large amount of evidence was introduced by both parties as to the quality of the meat, custom relating to inspection, etc., but we shall confine ourselves to the determination of the question as to what were the terms of contract between the plaintiff and defendant.   As we understand these, the plaintiff in effect ordered the meat subject to the weight and inspection at the point of shipment and he is therefore bound by it.   Before noting the contents of the sale memoranda and telegrams passing at the time, it is proper to state that Del Bondio had on numerous occasions during the several years past, purchased from the Dold Company in car load lots, and it had been the uniform practice to abide the weights and inspections of the official inspectors appointed by the board of trade at Kansas City. At the date of the purchase in question, Goulard, Rouse & Company occupied this position of public weighers and inspectors at Kansas City.   The evidence shows that this was a firm of large experience with offices in nearly all the great marts of trade, of undoubted solvency, and uniformly trusted by the trade everywhere; and when an inspection of meats or other such products was called for this firm was supposed to perform it and to issue their certificate accordingly.

On March 17, 1894, a broker at New Orleans sent the following telegram to the Dold Packing Company at Kansas City:   "Del Bondio offers five three quarters car shoulders, twelve fourteen average, shipt. Monday, *weighers and inspectors certificate.*"   In answer to this the Dold Company at once answered:   "Booked Del Bondio's five three quarters, *condilions named.   Buyers charges.*"

Thereupon the broker at New Orleans executed the following memorandum of sale:

"New Orleans, La., 3-17-'94.

"Sold Mr. E. F. Del Bondio, for account Jacob Dold Packing Co., Kansas City, Mo.

(1) One car loose D. S. shoulders, 12 to 14 pounds average. *Weighers and inspectors certificates attached at buyer's expense.*

Shipment Monday.

Price at 5 & 3-4 c. a. f.

Terms, sight draft, B. L. attached.

"Geo. E. Maxent & Son,

"Per G. N. M."

On March 19, the defendant loaded and shipped car number 746, in accordance with terms of the above mentioned sale, after it had been inspected and weighed by Goulard, Rouse & Company, the official inspectors appointed by the board of trade at Kansas City. The respondent then made an invoice of the car as follows:

"Kansas City, March, 1894.

"Mr. E. F. Del Bondio,

Bought of the Jacob Dold Packing Co.,

| | |
|---|---:|
| 1829 D. S. shoulders, 25,000 at 5 & 3-4 . . . . . . . . | $1,437.50 |
| Less freight on, 25,000 at 37c . . . . . . . . . . . . . . | 92.50 |
| | 1,345.00 |
| *Goulard's weights of (and) inspection* . . . . . . . . | 7.50 |
| | $1,352.50." |

A draft for the amount of this invoice with the bill of lading attached, together with the invoice and certificates of weight and inspection, were all forwarded together in the usual way to a bank at New Orleans for payment. The draft with the invoice, bill of lading and certificates was presented to and paid by Del Bondio before receiving the

car. The following is a copy of the inspection and weight certificate attached to the bill of lading, invoice and draft:

"Kansas City, March, 1894.

"We, the undersigned, hereby certify that we have inspected and weighed and approved for account of Messrs. Jacob Dold Packing Co., one (1) car dry, salt shoulders, 12-14 average, fully cured, 1829 pieces, 25,000 lbs. net 1 per cent salt.

"Branded X.

"Marked X Dold, car No. 746.

"Goulard, Rouse & Co."

Shortly after the above mentioned sale and shipment (viz., April 14, 1894) another broker at New Orleans telegraphed a further order for two cars of meat, the telegram stating that it was on "same conditions," which the broker testified meant "Kansas City weight and inspection, buyer's charges." He, too, at the time executed a memorandum of sale similar to the one of March 17.

All these orders were shipped according to instructions; the meat was weighed and inspected by the official inspectors, their certificates with bills of lading, invoice, etc., were all attached to drafts for the respective amounts, sent to a New Orleans bank and collected—except, of course, for the car load which plaintiff declined to take.

The above facts, it seems to us, clearly and indisputably prove that the contracts for the purchase and sale of the meat in question was conditional, or rather based on Kansas City weights and inspections. If so, then the plaintiff is concluded by the result thereof. In the absence of fraud, the decision of one agreed upon between the parties to an executory contract of sale to determine whether the goods offered conform to the requirements of the contract, is binding. Nofsinger v. Ring, 71 Mo. 149; Chapman v. Railway, 114 Mo. loc. cit. 549, and cases there cited.

SALES: construction: inspector's certificate.

Del Bondio v. Dold Packing Co.

There is but one conclusion to be gathered from the foregoing proof and that is that these contracting parties intended, as had been their practice theretofore, to have the meat weighed and inspected by the public inspectors at Kansas City, and that a certificate thereof should serve the basis of determining the character of the article sold and the amount thereof. And according to the report of said arbiter plaintiff was furnished with the commodity called for by the contract and the full amount charged for. "A third person may be made the arbiter of the compliance with the conditions of a contract, and a promise may be made conditional upon the act of a third party, and such conditions are valid. It is not necessary that the contract say in express terms that the decision of the third person shall be final. It is enough that the condition which is to be performed before payment is stated." Chapman v. Railway, *supra*.

Plaintiff's own conduct following shipment of the meat from Kansas City shows plainly that he relied on the certificate of weight and inspection furnished by the Kansas City inspectors. Accompanying the draft for the amount due on each car was the certificate of this public official, and along with it an invoice of the goods purchased, wherein he (the plaintiff) was charged with $7.50 in each case for "Goulard's" services in weighing and inspecting the meat, and this the plaintiff paid without objection or question. It is a well understood principle that the circumstances attending the making a contract as well as the conduct of the parties to the instrument, are entitled to great weight in arriving at the intention of the parties. Dobbins v. Edmonds, 18 Mo. App. 307.

CONTRACTS: construction: conduct of parties.

The case has been very ably briefed on both sides. But in our view of matters already stated we find it unnecessary to go into other questions. On the undisputed facts the

plaintiff is not entitled to recover; the trial court was correct in setting the verdict aside, and its judgment will be affirmed. All concur.