OZAN LUMBER COMPANY *v.* HAYNES.

Opinion delivered May 12, 1900.

CONTRACT—ADMISSIBILITY OF EVIDENCE.—Notwithstanding a contract for hauling logs provides that the measurement of the logs at the mill shall be the criterion by which the hauling shall be estimated, evidence of measurement made elsewhere is admissible to show fraud or such gross mistake as would necessarily imply bad faith. (Page 187.)

Appeal from Nevada Circuit Court.

JOEL D. CONWAY, Judge.

*C. C. Hamby*, for appellant.

Under the evidence, it was error to allow appellee to recover anything for the spur. The contract specifies that the scaling done at the mill shall be the basis of payment for the

logs; and it was error to admit testimony as to any other scalage. Where the findings of a chancellor are against the evidence, his decree will be reversed. 41 Ark. 292; 42 Ark. 521; 43 Ark. 307; 50 Ark. 185; 55 Ark. 112.

*J. H. Crawford,* for appellee.

The evidence is sufficient to sustain the verdict. The pleadings should be treated as amended to conform to the evidence. 54 Ark. 289, 304; 59 Ark. 215.

BUNN, C. J. The appellee, Pat Haynes, sued appellant company on an open account, claiming judgment for a balance of $750 in his favor. Prior to the institution of this suit, another suit was pending in the court below in replevin for several head of oxen (also involved in some way in this suit), wherein the Ozan Lumber Company was plaintiff and Pat Haynes was defendant; and on motion of the Ozan Lumber Company the two were consolidated, and the consolidated suit was transferred to the equity docket. The case is one of fact mostly, and there are about four items of account about which the parties are contending, namely, the construction of spur-track, a matter of interest, the value of certain houses for laborers and corrals for cattle built by appellee on appellant's land, and the price of hauling saw logs, the difference being the alleged difference in the measurement of the same, or, as it is called among mill men, "the scaling."

There is a controversy as to which of the parties should pay for the spur-track, the appellee contending that each should pay half, according to agreement, while the appellant company contends that it had no interest in it, but that the spur track was altogether for the benefit of the appellee, and that it therefore should not be required to pay anything for its construction. Appellee valued it at $300, and charged appellant $150 on that item. It seems that appellant caused another party to cut some of the timber, which appellee claimed the right to cut and deliver to appellant company under their contract, and, to do so, would have to carry it over this spur track. At least, that is the contention of appellee. When appellee discovered that appellant was permitting a third party

to cut this timber, he refused to carry out the contract, and the appellant agreed to bear a part of the expense of constructing the spur track if appellee would continue to carry out his part of the contract.

Appellant claimed that appellee should pay it interest on the price of the oxen, amounting to the sum of $230.50. The whole question turned upon whether appellee had really bought the oxen from appellant company at the time claimed, and whether any interest was contemplated under the transaction. These were the oxen for which appellant had brought his suit in replevin against appellee.

Appellant contends that the allowance made to appellee for the houses and corrals was illegal, and appellee contends that it was a proper charge for hire and against appellant, claiming that the lumber in the houses belonged to him, and that appellant took possession of same without his permission, and moved the houses off, appropriating the same to his own use.

In the matter of the logs, the contention of appellant is that the log hauling should be paid for by the scaling at its mill, and by that only, because in their contract they had agreed to make the scaling at the mill the criterion by which the hauling should be estimated; and that evidence of scaling made elsewhere would be inadmissible. It is contended by appellee, in effect, that the correctness of the scaling at the mill may be impeached by correct scaling elsewhere, and that his testimony was for that purpose, and to that effect. The rule laid down in *Hot Springs Ry. Co.* v. *Maher*, 48 Ark. 522, is applicable to a question like this. Where a question as to quality, quantity or manner of construction of work to be done is left to be decided by an engineer in charge, and it is agreed that his decision shall be final, his decision cannot be questioned by either party, except for fraud or such gross mistake as would necessarily imply bad faith or a failure to exercise an honest judgment. The same would be true of an agreement as to one person to scale, or one place of scaling. Notwithstanding the agreement, neither decision nor manner of estimating is conclusive on the parties, but evidence may be adduced to show fraud, gross mistake or bad faith, and the matter corrected in this

way, so as to do justice. This appellee claims to have sought to accomplish in introducing his testimony on the subject, and we see no error in it.

These items of account were all referred to a master, who took testimony and made his report to the chancellor, and, this being excepted to, the same was by the chancellor approved, and, making this report the basis of his findings, the chancellor rendered the decree from which this appeal is taken.

We see nothing to justify us in reversing the decree, and the same is affirmed.

WOOD, J., not participating.