NEWTON M. ROGERS et al., Respondents, v. A. L. REHARD et al., Appellants.

Kansas City Court of Appeals, November 19, 1906.

1. **MONEY HAD AND RECEIVED:** Mistake: Action. Where money is paid on a mistake of fact it may be recovered.

2. **ARBITRATION AND AWARD:** Contract: Invoice: Sole Judge of Values. In a contract of sale of a telephone plant it was agreed that two men should make an inventory of the plant and the contract provided that they were to be the sole judges of all values; *Held*, that their inventory and valuations were only impeachable for fraud and misconduct and not for a mere mistake.

Appeal from Clay Circuit Court.—*Hon. Joshua W. Alexander*, Judge.

REVERSED.

*John A. Cross* and *Sandusky & Sandusky* for appellants.

Under the contract, two reputable, experienced telephone men, to be selected by P. M. Gilchrist, Willis Chowning and H. C. Shepherd, were to inventory the wire sold, and their inventory is final in the absence of fraud, misconduct or bad faith. It cannot be attacked merely on the ground of error. Chapman v. Railroad, 114 Mo. 549; McAvoy v. Long, 13 Ill. 147; Railroad v. Marsh, 114 U. S. 549; Kihlberg v. U. S., 97 U. S. 398; Del Bondio v. Packing Co., 79 Mo. App. 470; Nofsinger v. Ring, 71 Mo. 149; Williams v. Railroad, 153 Mo. 544; McCormick v. St. Louis, 166 Mo. 331; Williams v. Railroad, 112 Mo. 487; Howard v. Baker, 119 Mo. 407.

*W. S. Herndon* for respondent.

(1) "It is not so nominated in the bond." The contract by which they seek to enforce this arbitrary rule, provides that the two men selected shall be "the sole judges of all values." This excludes any implication that they were to be sole judges of the amount of wire, etc., and a mistake of fact made by them, and an overpayment by reason thereof, gives rise to an action at law to recover the amount of the over-payment. Davis v. Knox, 12 Mo. App. 279; Budd v. Eryman, 10 Mo. App. 437; Norton v. Bohart, 105 Mo. 615; State ex rel. v. Ewing, 116 Mo. 129; Williamson v. Carroll County, 167 Mo. 9. (2) The value of the wire was fixed by these men at five cents per pound for No. 12, and five and one-fourth cents per pound for No. 14. Of that there is no

complaint. The mistake charged is as to amount and the contract does not preclude plaintiff from recovering, and the evidence not having been set out in full in the abstract, it will be conclusively presumed that it showed the mistake charged. McCormick v. St. Louis, 166 Mo. 331. (3) The authorities cited by appellant do not apply, for the reason that the contract in this case does not provide that the inventory made by these men should be final, but the fact that it provides they shall be sole judges of all values, excludes any implication, that their inventory was to be final. They were chosen to fix values, making the inventory was an incident. If they made a mistake as to the amount of the wire the court will correct the same. Williams v. Railroad, 112 Mo. 495; Railroad v. Marsh, 114 U. S. 549; Sweet v. Morrison, 116 N. Y. 19; Brush v. Fisher, 70 Mich. 469; Perkins v. Giles, 50 N. Y. 228.

BROADDUS, P. J.—The plaintiffs' suit is to recover from the defendants the amount alleged to have been overpaid by them to defendant on the purchase price of a certain telephone plant. The contract of sale was evidenced by the following written contract:

"KNOW ALL MEN BY THESE PRESENTS:

"That we, A. L. Rehard and T. J. Campbell, owners of the Clover Leaf Telephone Company of Lathrop, Clinton county, Mo., parties of the first part, and N. M. Rogers and the Clinton County Mutual Telephone Company, parties of the second part, witnesseth:

"That the parties of the first part have this day sold to the parties of the second part the Clover Leaf Telephone Exchange, consisting of poles, cross-arms, wire, switchboard, phones, office fixtures and all other equipments belonging to and in use by said exchange, upon the following terms and conditions, to-wit: Parties of the second part agree to pay cost and carriage on above-named plant and its equipment on the present

market value on the day of the invoice, this inventory to be made by two reputable, experienced telephone men, these two men to be selected by P. M. Gilchrist, Willis Chowning and H. C. Shepherd, those two men thus selected shall be the sole judges of all values.

"Said parties of the second part further agree to pay to the parties of the first part the sum of $250, said sum to cover and be in full payment for the construction of said plant. Said parties of the second part agree to pay the sum of $1,000 for the business and good will of said telephone exchange. The inventory of said plant to be made not later than August 1, 1903, at which time said parties agree to pay spot cash in full for said plant, construction, and business and good will. The parties to this contract each agree to deposit the sum of $1,000 in the First National Bank, said sum to be forfeited in case either party to this contract fails to comply with the terms and conditions of this agreement."

The three persons named, whose duty it was to select the two telephone men to make the invoice and fix values, selected Pascal Parker and James M. Deacy, who made their inventory and fixed the values on the property, and the respondents paid the full amount of the purchase price for all said property. But they claim that said Parker and Deacy made a mistake in their invoice of the amount of wire owned by defendants in said telephone exchange, and erroneously included in the said inventory by them 3,200 pounds of No. 12 wire of the value of five cents per pound, aggregating the sum of $160, and 13,000 pounds of No. 14 wire of the value of five and one-fourth cents per pound, amounting to the sum of $692.50, and which values were carried into and constituted a part of the footings of the total amount of said inventory, and so paid by plaintiffs; "that as a matter of fact . . . the amount stated in said inventory was more than twice the amount of wire contained and owned . . . by defendant in said Clover Leaf Ex-

change and delivered by defendants to plaintiff."

It is for this difference plaintiffs' claim is made. They introduced evidence to show the mistake so claimed by them and recovered the sum of $150. The defendants appealed. They insisted all through the trial that plaintiffs were not entitled to recover under the allegations of the petition and proof, and are resting their case on that contention in this court. Appellants' theory of the law is, that respondents are concluded by the finding of the two arbitrators, viz., that the inventory made by the two persons named was a finality regardless of any mistake by them in their invoice of the wire on hand. On the contrary, respondents contend that, as the agreement provided that said persons should be "the sole judges of all values," it excluded any implication that they were to be the sole judges of the amount of the wire. This is the crucial question in the case.

Under the terms of the agreement, it became the duty of the two persons selected to make an inventory of the amount of property included in the telephone exchange, as well as to fix values, and we do not understand that it is denied that in the absence of the words, "those two men shall be the sole judges of all values," their return would be conclusive also of the finality of the invoice as to quantity of wire, but that their use excludes the idea that such inventory was to be final as between the parties. *Expressio unius est exclusio alterius.* If such construction is to obtain, then it was competent to show that there was a mistake in the invoice, and action would lie to recover the amount overpaid for the wire. [Williams v. Carroll County, 167 Mo. 9.] Money paid on a mistake of fact may be recovered back. [Budd v. Eyerman, 10 Mo. App. 437; Davis v. Krum, 12 Mo. App. 279; Norton v. Bohart, 105 Mo. 615.]

But we are not satisfied with the construction

Rogers v. Rehard.

placed upon the contract for submission by respondents. The provision in the contract that, "these two persons thus selected shall be the sole judges of all values," meant only that the matter in that respect should be left to their judgment exclusively without interference, aid or information derived from evidence. In other words they were to judge solely of values on their own expert knowledge and experience as experts in the business. This conclusion is evident when we take into consideration the provision of the contract, that "this inventory to be made by two reputable, experienced telephone men." It was certainly the intention of the parties to obviate the necessity of a hearing before the arbitrators and to submit the matter of values to their judgment as experts. We gather from the entire contents of the writing that it was intended that their decision would be a finality as to all matters submitted to them.

But it was not necessary that it in terms should have provided that the decision of the men selected, that their inventory should be conclusive. [Chapman v. Railroad, 114 Mo. 542.] In that case it is also said, "It is not necessary for the contract to say in express terms that the decision of the third person shall be final. It is enough that the condition which is to be performed is stated." Here, the contract provides, as has already been said, that the invoice should be made before payment for the plant. All the authorities we have examined are harmonious, to the effect that the decision of a matter that has been for that purpose referred by contract to a third party is conclusive upon all questions in the absence of fraud, misconduct or bad faith. The principal case is that of McAvoy v. Long, 113 Ill. 147. In M. & P. R. R. Co. v. Marsh, 114 U. S. 549, the court held that the final estimate of the third person was conclusive "unless it appeared from the evidence that in respect thereto he is guilty of fraud or intentional mis-

conduct. A contract for the sale of meat provided for inspection. It was held that the decision of the inspector as to the quality of the meat, in the absence of fraud, was conclusive upon the purchaser. [Del Bondio v. Dold Packing Co., 79 Mo. App. 465.] It is held where a contract refers a matter to the decision of a third party, such a provision is more binding than an ordinary submission for the reason that it enters into and becomes a part of the consideration. [Williams v. Railroad, 112 Mo. 463.] We conceive it to be the well settled law, not only of this State, but also the law as decided by the federal courts, and other state courts, that in such cases the award of an arbitrator is not subject to attack for mistake, but only for fraud or misconduct.

Reversed. All concur.