JOHN S. WALLACE, and THOMAS W. HOLMES

*v.*

DEXTER CURTISS.

1. PLEADING — *defects cured by pleading over.* In an action of covenant upon a contract for the sale of lumber which contained a condition that the lumber should be inspected by a person to be selected by the parties, and the declaration contained no allegation that the lumber was inspected and measured by an inspector chosen by the parties: *Held,* that as it was made a ground of defense in the special plea, that no inspector was chosen as provided for in the contract, and the plaintiff having accepted the issue thus tendered by the plea, the omission in the declaration was thereby cured.

2. Where under such a contract the parties had selected the inspector and he had acted as such in the delivery and acceptance of a portion of the lumber, no objection could be made to the inspector thus chosen on the delivery of the balance of the lumber except upon the ground of fraud.

3. PRACTICE — *defects cured by verdict.* After verdict all defects of mere form, and many which would be fatal on general demurrer, are cured.

4. MOTIONS FOR NEW TRIAL, AND IN ARREST — *their difference.* Motions for a new trial, and in arrest of judgment, are wholly different in their nature. The one is based upon the facts and on the rulings of the court, the other on the record. If the record be bad, no judgment will be entered on it, and a motion for a new trial would be unnecessary. Usually, the motion in arrest follows the overruling of a motion for a new trial. If the latter motion be allowed, the first is unnecessary.

APPEAL from the Superior Court of Chicago.

The facts in this case are stated in the opinion of the court.

Messrs. MATHER & TAFFT, for the Appellant.

Messrs. WALKER & DEXTER, for the Appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of covenant to deliver certain lumber, to be subject to inspection and measurement, by some competent inspector chosen by the parties. The whitewood portion of the lumber was to be inspected into two qualities as specified;

the lumber to be delivered at the defendants' lumber yard in Chicago, by the first day of July, 1861.

The defendants covenanted to receive the lumber and pay for it at the prices agreed upon. The covenant was dated April 10, 1861.

The plaintiff, sometime after this date, in the month of April, 1861, delivered one cargo of lumber, which was inspected and accepted by the defendants.

On the first of May thereafter, the plaintiff offered to deliver to the defendants at their lumber yard another cargo, which the defendants refused to receive, the plaintiff offering to deliver it as provided in the covenant.

The breach was assigned on this refusal, and failure to pay for the first cargo delivered and accepted.

The second count does not vary from the first essentially, but sets out the contract in full.

The defendants pleaded *non est factum*, payment, and set-off. Subsequently, by leave of the court, they pleaded eight special pleas.

As no question arises on these pleas, we do not deem it necessary to state them in full or in substance. Issues of fact were made up on all of them, and tried by a jury. A verdict was found for the plaintiff — a motion for a new trial and in arrest of judgment was made, and overruled, and the case brought here by appeal on a bill of exceptions.

The covenant shows that the lumber was to be subject to inspection and measurement at Chicago, by some competent inspector to be chosen by both parties, and the ash lumber to be made merchantable by inspection.

The appellants make several points, the most important of which will be noticed. The burden of the complaint on the part of the appellants is, that the plaintiff was permitted to prove that the first cargo of lumber was inspected and measured by an inspector chosen by the parties, when there was no allegation to that effect in the declaration.

There is no such allegation found in the declaration, but it is made the ground of defense in the special pleas that no

inspector was chosen, as provided for in the contract, so that the defendants themselves put in issue that which was omitted in the declaration. The defendants tendered that issue, and the plaintiff had a right to accept it, and go to trial on it. He might have demurred to the pleas as being no answer to the declaration, but he chose to take the issue as tendered. The pleas cured the omission. 1 Ch. Pl. (10th Am, ed.) 673; *Elliott* v. *Stuart*, 15 Maine, 160; *Slack* v. *Lyon et al.*, 9 Pick. 62.

The issues were not alone on the facts stated in the declaration, but upon the agreement stated in the special pleas, and they may be taken as amendatory of the declaration, of the issue and verdict, in order to favor the justice of the case. 3 Bevard (S. C.) 362. COLCOCK, J., said in this case, " It is unnecessary to go into the general question, because the defendant, by his pleading, supplied the deficiency of the plaintiff's declaration, and by the plea the agreement is specially set forth and made the subject of the issue referred to the jury.

To the same effect is *Hill* v. *George*, 5 Texas, 87; *Fowle et al.* v. *Welsh*, 8 E. C. L. 14, and *Fletcher* v. *Pogson*, 10 ib. 96.

The parties having selected Green as the inspector, and he having acted as such on the delivery and acceptance of the first cargo, it was not competent for the defendants to object to him on the delivery of any other cargo, without some imputation of fraud, at least. One of the defendants procured this inspector, stating to him that he had been agreed upon by both parties. So long, then, as the plaintiff was satisfied, the defendants could not recede, nor could another inspector be substituted, unless by mutual consent. No fraud of the inspector is suggested, and if he was deficient in judgment, not being able properly to discriminate the different qualities of lumber, it is the misfortune of the defendants in choosing him. By choosing him, they relied on his judgment and must be concluded by it, in the absence of all fraud. The only objection made to him, was, that he was incompetent.

These remarks dispose of the case under the motion for a new trial.

As to the motion in arrest of judgment on account of the defect in the declaration, in not setting out the performance of the covenant by the plaintiff as to the inspection and measurement under the contract, it is sufficient to state, it is an established doctrine, that after verdict, all defects of mere form, and many which would be fatal on general demurrer, are cured. 1 Ch. Pl. 673.

The decision in *Slack* v. *Lyon et al.*, 9 Pick. 62, above cited, was upon a motion in arrest of judgment, and it was there held, that the entire want of the averment of material facts in the declaration is cured by the plea, in which the facts omitted are set forth. So, the failure to allege the performance of a condition precedent, which the defendants contend the inspection and measurement was, is cured by the verdict. *Bailey* v. *Clay*, 4 Randolph, 346.

We may remark here, a singular practice seems to have been pursued in this case, by entering a motion for a new trial and in arrest of judgment at the same time. This is not the regular or correct practice. These motions are wholly different in their nature ; the one is based upon the facts and the rulings of the court, the other on the record. If the record be bad, no judgment will be entered on it, and a motion for a new trial would be unnecessary. Usually, the motion in arrest follows the overruling of a motion for a new trial. If the latter motion be allowed, the first is unnecessary and absurd.

As to the rejection of the evidence of the defendants' witness, that was proper in the view we have taken of the case. He was called to prove that the first cargo of lumber delivered and inspected by Green, the inspector chosen by both parties, was not inspected in conformity to the conditions of the contract, in discriminating the qualities of the lumber, and that in such inspection he did not conform to or comply with the conditions of the contract. What we have already said disposes of this objection. The judgment of no other inspector than Green, mutually chosen, could be had

in the case. In his judgment both parties reposed, and his decision was binding and conclusive upon them, and cannot be assailed except for fraud. *McAuley* v. *Carter et al.*, 22 Ill. 57; *Trustees of Ill. and Mich. Canal* v. *Lynch*, 5 Gilm. 526; *McAvoy* v. *Long*, 13 Ill. 147.

The only remaining question is as to the instructions.

The defendants complain that their first instruction was modified by the court by striking out the words, "and that the plaintiff must aver the performance of the condition precedent, and prove it before he can recover, and without such averment and proof, they must find for the defendants."

Under the rulings of the court on the trial of the cause, which we have held to be correct, the judge who tried the cause would have stultified himself had he refused to strike out those words. They constituted an arraignment of his judgment before pronounced. The jury had no right to put a construction upon the pleadings — it is not their province. The court had construed them, and determined their sufficiency. These remarks are applicable to the third, fourth and fifth instructions, which were properly refused.

The eighth instruction is not framed on any of the facts of the case. It is as follows: "If the plaintiff's evidence fails to prove that he had delivered to the defendants the kind and quality of the lumber called for by the contract, at the time specified, they must find for the defendants, and that a delivery of other kinds and qualities of lumber will not enable him to recover in this action of covenant."

If the lumber was not delivered within the specified time, of which there was no pretense, the plaintiff, surely, would not lose his action if the kind and quality was delivered, inspected and accepted. There is no fact in the case going to show that the lumber delivered, and that which plaintiff offered to deliver, was other and different from that specified in the contract.

We perceive no errors in the record, and that justice has been done by the verdict, there can be no well founded doubt. The judgment is affirmed.

*Judgment affirmed.*