NOFSINGER *et al.*, *Appellants*, v. RING.

**Executory Contract of Sale**: DECISION OF THIRD PARTY AS TO QUALITY OF GOODS. In the absence of fraud, the decision of one agreed upon between the parties to an executory contract of sale to determine whether the goods offered conform to the requirements of the contract, is binding.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

*John K. Cravens* for appellants, cited *Gaylord Manufacturing Co. v. Allen*, 53 N. Y. 515; *Dutchess Co. v. Harding*, 49 N. Y. 321; *Stevens v. Mackay*, 40 Mo. 224; *Graff v. Foster*, 67 Mo. 512.

*Jas. O. Broadhead* and *Valle Reyburn* for respondent.

McCullough was but a special agent. The acts of a special agent must be strictly within the scope of his agency. Story Agency, (3 Ed.) § 126, p. 144; *Rossiter v. Rossiter*, 8 Wend. 494; *East India Co. v. Hensley*, 1 Esp. 111; *Pursley*

*v. Morrison*, 7 Ind. 356. It is the duty of the party dealing with a special agent to ascertain and know the extent of his powers. 49 N. Y. 455; *Smith v. Tracy*, 36 N. Y. 79; *Nixon v. Palmer*, 4 Seld. 398; *Sage v. Sherman*, Lalor 149; *Beals v. Allen*, 18 Johns. 363.

HOUGH, J.—This was a suit to recover the difference between the contract price and market price at the time and place of delivery of sundry boxes of meat packed by the plaintiffs for the defendant, and delivered to him under a certain contract of sale, which meat the defendant failed and refused to accept. The defendant admitted the contract of sale and his refusal to accept the meat delivered, and alleged, as a reason for his refusal, that the meat tendered did not conform to the requirements of the contract. The contract, which was entered into on the 22nd day of August, 1872, called for 500 boxes long boneless (long clear) middles, to average not less than fifty-two pounds each middle, and 500 boxes short boneless (short clear) middles, to average not less than forty-two pounds each middle, both lots at six and three-quarter cents per net pound of meat, delivery to be made at Kansas City, Mo., on board cars, at the option of the sellers, during the month of December, 1872, and to be paid for in cash on delivery; the above meat to be cured, cut, trimmed and packed according to the requirements of the New York standard for long and short boneless (clear) middles.

On the 20th day of December, 1872, the plaintiffs notified the defendant that they were ready to begin delivering the meat under their contract. Thereupon it was arranged between the parties that the meat should be inspected before it was delivered on board the cars, and one James McCullough, a professional inspector of meat, was employed by the defendant to see that the meat offered by the plaintiff under his contract was properly cut, cured, trimmed, boxed and weighed. The plaintiffs were notified of his selection as inspector, and were directed to

ship the middles to John H. Pool, New York City, whenever they received McCullough's certificate that they were according to contract. McCullough inspected the meat, gave the required certificate to the plaintiffs, and the meat was put upon the cars. Upon receiving from McCullough a description of the meat inspected by him and shipped by the plaintiffs, the defendant, Ring, wrote the plaintiffs, declining to accept the same, for the reason that it did not come up to the requirements of the contract. The plaintiffs retained the meat and sold it, and brought this action to recover the difference between the contract price and the market price at the time and place of delivery. The plaintiffs had judgment in the circuit court, which was reversed by the court of appeals.

The facts stated appeared in evidence at the trial, and the inspector also testified that the meat was according to contract. The defendant offered to prove that the meat was not according to contract, but this testimony was rejected by the court. The cause was tried without the aid of a jury. At the instance of the plaintiffs, the court gave the following declaration of law : If the court, sitting as a jury, believe that the meat described in the contract offered in evidence and admitted in the pleadings was tendered to defendant by plaintiffs, and delivered on board the cars at Kansas City, within the time required by the contract, and that said meat, prior to said tender on said cars, had been inspected by the agent of defendant, and accepted by him, to be of the kind, quality and quantity called for in said contract; and when said meat was so tendered by plaintiffs, defendant failed and refused to receive and pay for the same, then the finding should be for the plaintiffs.

No question is made as to the measure of damages, and we therefore omit the instruction on that subject. The substance of the agreement between the parties was that the defendant would accept such meat, when delivered, as had been inspected by McCullough, and pronounced by him to conform to the requirements of the contract. There

is no allegation, nor is there any evidence of collusion between the inspector and the plaintiffs; and, in the absence of any such collusion, the purchaser was as much bound to receive the meat as if he had inspected it in person. And there can be no question that, if Ring had himself inspected the meat and pronounced it according to contract, before it was packed and delivered, in the absence of any fraud or imposition on the part of the plaintiffs, he could not afterward have refused to accept it on the ground that it did not come up to the contract. No fraud or unfairness on the part of the plaintiffs was attempted to be shown. We think the testimony offered was properly rejected, and that the declaration of law given by the court was correct. The judgment of the court of appeals must therefore be reversed, and that of the circuit court affirmed. All concur.