504    APPELLATE COURTS OF ILLINOIS.

Kendall v. Kroeger-Amos-James Grocer Co., 173 Ill. App. 504.

## J. S. Kendall, Trustee, etc., Appellee, v. Kroeger-Amos-James Grocer Co., Appellant.

1. BANKRUPTCY—*preferences*. On action by a trustee in bankruptcy to recover an alleged preference, given within four months of the adjudication, the jury was warranted in finding that a preference was intended when the evidence seemed to show that the bankrupt was insolvent, that an agent of the transferee had reasonable cause to know of his condition, and that the bankrupt and transferee intended a preference.

2. APPEALS AND ERRORS—*when question not saved*. On action by a trustee in bankruptcy to recover a preference, alleged error in permitting a schedule by the bankrupt, which had been excluded as evidence, to be taken by the jury on retirement, cannot be urged on appeal, when it was raised on motion in arrest of judgment, and not on motion for new trial.

3. JUDGMENTS—*motion in arrest*. A motion in arrest of judgment must be based on matter arising on the record proper.

Appeal from the Circuit Court of Jackson county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1912. Affirmed. Opinion filed October 7, 1912.

SPRIGG & GILSTER, for appellant.

W. A. SCHWARTZ, for appellee.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

Appellee as trustee in bankruptcy of Joseph Edward Fraley brought this suit to recover from appellant for an alleged preference made to it by the bankrupt. A jury returned a verdict in favor of appellee for the sum of six hundred and thirty-three dollars and twenty-one cents upon which the court after overruling motions for a new trial and in arrest of judgment rendered judgment.

The errors assigned and argued are that the court refused to set aside the verdict, it being against the evidence, and also allowed a certain schedule made by the bankrupt to go to the jury room with the jury.

Sec. 60b of the Bankruptcy Act of 1898, provides: "If a bankrupt shall have given a preference and the person receiving it or to be benefitted thereby or his agent acting therein shall have had reasonable cause to believe that it was intended thereby to give a preference it shall be voidable by the trustee and he may recover the property or its value,     *     *     *.''

Fraley was adjudged a bankrupt on January 5, 1911, and appellee was appointed trustee of his estate. Within four months of that date (November 20, 1910) Fraley had transferred to appellant a stock of groceries which invoiced five hundred and fifty-eight dollars and book accounts and some other articles to the amount of over six hundred dollars, from which appellant realized the sum of seventy-eight dollars and fifty cents, in addition to the amount of the goods.

The controverted question of fact submitted to the jury was whether appellant or its agent had reasonable cause to believe when the property was transferred to it that it was intended thereby to give a preference, and this question may be determined from the conduct of the parties and the nature of the transaction, together with all the facts and circumstances in evidence.

The testimony shows that at the time of the transfer Fraley was insolvent, and wholly unable to meet the demands of his creditors. He had no available property subject to the payment of his debts except the stock of goods and his book accounts, of which but a small part was collectible. His debts amounted to much more than his assets; the indebtedness to appellant alone being in excess of the value of his property while he had several hundred dollars of other debts. Fraley testified that he engaged in the grocery business on June 10, 1910, and continued until November 19 following; that before he began the business he was traveling as a salesman; that he told Amos, a member of appellant's concern, he intended to start in the grocery business and Amos offered to sell him goods and give him all the time he wanted; that in pur-

506     APPELLATE COURTS OF ILLINOIS.

Kendall v. Kroeger-Amos-James Grocer Co., 173 Ill. App. 504.

suance of this appellant sold him the goods on credit.
The testimony shows that Amos called on Fraley every
week during the time the latter was engaged in busi-
ness, when Fraley would give an order for goods and
pay something on his account. This continued until
Fraley's account to appellant reached the sum of about
nine hundred dollars. Fraley testified that on the
Friday before the transfer of the stock to appellant
Amos asked him how much he owed other people and
that he was shown some of the invoices. Amos was,
as the testimony of Fraley shows, familiar with Fra-
ley's condition; and that he was behind with other
creditors; that he knew the extent of his obligations;
that he could get no more credit; and the value of the
stock of goods. Amos returned to St. Louis that even-
ing and on Sunday following the representatives of
appellant came to Carbondale and on Fraley's state-
ment that he was sick and behind with other creditors
and could not meet their drafts they took over the
stock and accounts of Fraley. While Amos testifies
that in his opinion Fraley was able to pay his liabilities
the testimony as already stated shows he was wholly
insolvent, and unable to pay, and that it could be fairly
inferred from all the circumstances that Amos knew
this to be his condition. Gilster, the credit manager of
appellant, who made the Sunday trip and took over the
goods and accounts, testified Fraley made statements
to him on that day that showed he was solvent, and
able to pay his debts. From all the evidence in the case
however the jury was warranted in finding that Fraley
was insolvent; that appellant through its agent Amos
had reasonable cause to believe it and that Fraley and
appellant intended by the transfer to give appellant a
preference over the other creditors whose drafts he
could not meet. There was no error in the refusal
of the court to set aside the verdict on the ground it
was against the evidence. It was fairly a question for
the jury.

The alleged error of the court in permitting a

schedule by Fraley to be taken by the jury on its retirement and which had been excluded as evidence by the court cannot be urged here as it was not raised on the motion for a new trial, but was raised on motion in arrest of judgment. The question cannot be raised on the latter motion. The matter complained of did not arise upon the record proper upon which a motion in arrest can only be based. (Wallace & Holmes v. Curtiss, 36 Ill. 156.)

No error appearing, the judgment is affirmed.

*Affirmed.*