# Nellie A. Cross, Plaintiff in Error, v. City of Chicago, Defendant in Error.

## Gen. No. 20,638.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*what is nature of affidavit of merits.* An affidavit of merits is analogous to a statutory notice of defense under the general issue.

2. MUNICIPAL CORPORATIONS, § 1233*—*what declaration for personal injuries must aver.* Under Hurd's Rev. Stat. 1912, p. 1290, Sec. 2 (J. & A. ¶ 6190), as to notice to a city of an accident resulting in personal injuries, a declaration which fails to aver such notice states no cause of action.

3. MUNICIPAL CORPORATIONS, § 1224*—*what is effect of pleading as to waiving notice of injuries.* A city cannot waive the statutory requirement as to notice of an accident resulting in personal injuries (Hurd's Rev. Stat. 1912, p. 1290, sec. 2, J. & A. ¶ 6190) and no pleading filed by it can have the effect of a waiver or an admission of such notice on the part of the city.

4. MUNICIPAL CORPORATIONS, § 1233*—*what is effect of doctrine of "express aider" as to pleading notice of injury.* In an action against a city for damages for personal injuries, where the statement of claim failed to aver statutory notice of the accident (Hurd's Rev. Stat. 1912, p. 1290, sec. 2, J. & A. ¶ 6190), and the city filed an affidavit of merits more than a year after the accident stating, in addition to denials, that the city was not notified of the accident as required by statute, *held* that the doctrine of express aider could not be applied to cure the defect of the statement of claim.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 6, 1915.

EDWARD H. STEARNS, for plaintiff in error.

JOHN W. BECKWITH and N. L. PIOTROWSKI, for defendant in error; DAVID R. LEVY, of counsel.

MR. JUSTICE FITCH delivered the opinion of the court.

By this writ of error it is sought to reverse a judgment of the Municipal Court, wherein the suit of the plaintiff, Nellie A. Cross, was dismissed, at plaintiff's costs, upon the ground that the statement of claim does not state a cause of action.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The suit was a fourth-class case in tort brought to recover damages for personal injuries, and was begun on August 8, 1913. The plaintiff's statement of claim avers, in substance, that the city negligently permitted a sidewalk on one of the city streets to be and remain in unsafe repair and condition, and to be obstructed by a section of bent iron pipe, a portion of which protruded above the sidewalk; that on August 11, 1912, in passing over said sidewalk, the plaintiff unavoidably tripped over said iron pipe and was thrown to the sidewalk, breaking her left wrist and wrenching her right ankle; and that in consequence thereof, she suffered great pain and was prevented from performing her usual duties and was obliged to pay out divers sums of money in endeavoring to be cured, to her damage in the sum of $1,000. There is no averment in the statement of claim that any notice of the accident was given to the city, as required by section 2 of "An act concerning suits at law for personal injuries and against cities, villages and towns," in force July 1, 1905. (Hurd's Rev. Stat. 1912, p. 1290, J. & A. ¶ 6190.)

The city was served with summons, returnable August 23, 1913, and on August 21, 1913 (more than a year after the date of the alleged accident), the city entered its appearance and filed an affidavit of a meritorious defense, containing a categorical denial of each of the averments of the statement of claim, and also the following: "That there is no liability on the part of the defendant, City of Chicago, for such condition as that described in the plaintiff's statement of claim * * * in that the City is not notified of the alleged accident as required by Statute."

The case was placed upon the jury calendar, and when reached was dismissed for want of prosecution. A few days later, however, the order of dismissal was vacated, and the cause set for hearing on the 8th day of June, 1914. On June 5, 1914, the defendant, by its attorney, moved to strike the statement of claim from

the files and dismiss the suit, upon the ground that the statement of claim fails to allege that the statutory notice was given to the city. The "statement of facts," as certified by the trial judge, states that the plaintiff's attorney appeared in opposition to this motion, and argued (1) that the statement of claim was sufficient to reasonably inform the defendant of the nature of the case it was called upon to defend, without alleging the additional fact of notice, as required by statute; and (2) that the omission of any allegation of notice was cured by the defendant's denial in its affidavit of merits that any such notice had been given, which (it was argued) "made an issue of fact as to whether the statutory notice was given," the plaintiff's attorney stating that he was prepared to prove *at the trial* that notice was, in fact, given as required by statute; that after argument upon the motion, the court held that the statement of claim failed to allege a cause of action against the city, and granted the motion to dismiss.

The same contentions, in substance, are repeated in this court, and the question is thus presented, whether the absence of any averment of notice to the city in the plaintiff's statement of claim can be cured by an assertion in the city's affidavit of merits that no such notice was given. Both parties have treated the affidavit of merits as a pleading, though in fact it is more nearly analogous (when filed pursuant to some rule of the Municipal Court, as it probably was in this case) to a statutory notice of defense under the general issue. For the purposes of this opinion, we shall treat it as a plea. In the recent case of *Gilman v. Chicago Rys. Co.*, 268 Ill. 305, it was held that a statement of claim in the Municipal Court must state a cause of action, although it is not necessary to state it with the particularity of a common-law declaration.

In *Walters v. City of Ottawa*, 240 Ill. 259, it was held that since the enactment of the statute above men-

tioned, a declaration in a personal injury case against a city, which fails to aver that a notice was given, as required by section 2 of that Act, states no cause of action. It was also held that ''the city has no power to waive the notice and is under no liability until it is given.'' The plaintiff insists, however, that notwithstanding the decision in the *Walters* case, *supra,* the absence of any averment in the statement of claim that the statutory notice was given may be cured by a plea ,which avers that no notice was given; that this result follows from a proper application of what is known, in pleading, as the doctrine of ''express aider.'' This doctrine is defined as follows in 1 Chitty on Pleadings, 671: ''A defect in pleading is aided, if the adverse party plead over to, or answer the defective pleading, in such a manner that an omission or informality thereon is expressly or impliedly supplied, or rendered formal or intelligible.'' Following this quotation, the author gives several instances of ''express aider,'' from which it would appear that a defect in a pleading may be expressly aided by the pleading of an adverse party in cases where the adverse party, instead of objecting to the defective pleading, answers it in such a way that the answer amounts to an *admission* of the fact omitted, or a waiver of any objection founded upon such omission. Obviously, *if a city cannot waive* the statutory requirement, as held in *Walters v. City of Ottawa, supra,* no pleading filed by it can have the effect of a waiver or an admission on the part of the city.

In support of his contention, the plaintiff's counsel cites the case of *Wallace v. Curtiss,* 36 Ill. 156. That was an action of covenant upon a contract for the sale of lumber, which provided that the lumber should be inspected and measured by a person to be selected by the parties, and the declaration contained no averment that the lumber had been so inspected and measured. Instead of demurring to the declaration, the defend-

ant filed special pleas alleging that no inspector was chosen, as provided by the contract. Issue was joined upon these pleas. Upon the trial, the plaintiff was permitted to prove that the lumber was inspected and measured by an inspector chosen by the parties, although there was no allegation to that effect in the declaration. This ruling was assigned as error, but the court held that as the defendants had tendered an issue upon that question of fact by their pleas, the plaintiff had a right to accept the issue so tendered and go to trial upon it, and that "the pleas cured the omission." Upon this point, the court said: "The issues were not alone on the facts stated in the declaration, but upon the agreement stated in the special pleas, and *they may be taken as amendatory of the declaration,* of the issue and verdict, *in order to favor the justice of the case.*" (Italics ours.) There is nothing in the opinion to indicate that there was any good reason why the defendants in that case might not thus supply the omitted fact in their pleadings, if they chose to do so, by expressly setting up the alleged failure to inspect as provided by the contract, and relying thereon. Nor does it appear that the omitted fact thus supplied was a *statutory prerequisite* to any right of action, as is the fact in the present case. Furthermore, in the case cited, the plaintiff accepted the issue tendered by the defendants' plea, and went to trial upon that issue. In this case, before any trial was had, or issue joined upon the affidavit of merits, the defendant made a motion to dismiss the suit upon the express ground that the statement of claim was wholly insufficient as a statement of a cause of action, in view of the statute above mentioned, and the motion was then and there sustained.

Plaintiff also cites several decisions of other States, notably Missouri and Kentucky, in which the doctrine of express aider seems to have been applied where the defendant's answer denied the existence of some

essential fact not referred to in the plaintiff's petition, and issue was joined upon such denial and a trial had upon the issues so framed. These cases, in principle, are like that of *Wallace v. Curtiss, supra.* In none of such cases does it appear that the fact omitted from the plaintiff's declaration or petition was a statutory prerequisite to a right of action, nor does it appear in any of such cases that there was any good reason why the defendant might not thus supply the omitted fact, either by waiver or express admission in his plea or answer. If, as is stated in *Wallace v. Curtiss, supra,* the underlying principle in such cases is that a plea which thus supplies an omitted fact "may be taken as amendatory of the declaration, in order to favor the justice of the case," that principle can have no application to the facts of this case. The affidavit of merits filed in this case, which is the only pleading—if it can be considered a pleading—filed by the city, was filed more than a year after the alleged date of the accident to the plaintiff. If, then, the affidavit of merits may be taken as *amendatory* of the statement of claim, then the plaintiff's cause of action was *first* stated when the affidavit of merits was filed, and at that time the cause of action was barred by limitation. It would be carrying the doctrine of express aider to an unheard of length to hold, under such circumstances, that a city had given life to a defunct cause of action, merely by asserting in its plea or affidavit of merits that plaintiff never had a cause of action because of her failure to give the statutory notice. No case has been cited which goes to that length and we believe none can be found. We are of the opinion that there is no merit in the plaintiff's contentions, and that the trial court did not err in dismissing the suit upon the motion of the city.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*