## No. 10,042.

### FLOWER *v.* HUMPHREYS.

Decided July 3, 1922.  Rehearing denied October 2, 1922.

Action by real estate broker for commission.  Judgment for plaintiff.

### *Affirmed.*

1.  BROKERS—*Real Estate—Commission—Sufficiency of Evidence.*  Evidence reviewed and held sufficient to go to the jury, that plaintiff procured a purchaser ready, willing and able to buy upon the terms stipulated.

2.  *Real Estate—Change of Terms.*  One cannot accept a proposition by a purchaser and then deny a commission to the broker who procured him, on the ground that the terms given the broker were not complied with.

3.  *Real Estate—Terms—Reservation Construed.*  Reservation contained in a letter giving terms of sale of property to a real estate broker, construed.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. H. A. LINDSLEY, Mr. H. E. LUTHE, for plaintiff in error.

Mr. ERNEST MORRIS, for defendant in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

HUMPHREYS had a judgment against Flower for commission on the sale of real estate.  They were both brokers.  Flower employed Humphreys to help him to get a purchaser for the Adams hotel at the price of $200,000, fifty thousand in cash, the balance secured by trust deed on or before ten years, interest six per cent per annum.

It is claimed that the evidence is insufficient to support

the verdict and judgment. We cannot say so. There is evidence sufficient to go to the jury that Humphreys procured one Bennett, ready, willing and able to enter into a contract in the name of M. J. Sowle to purchase the property on the above terms. It is in evidence that Flower at this time had on hand negotiations with certain parties to whom we will refer as Buckhalter, who had offered $175,000; that Flower and Drew, his agent, met Buckhalter, Mrs. Adams the owner, and others in a room in the Adams Hotel and Drew there told Buckhalter that Bennett was in the lobby ready to close the deal, that he, Drew, had Bennett's check of deposit in his pocket, that if he, Buckhalter, didn't take the property at $200,000 then and there, it would go to Bennett and that Flower said something similar but it was conceded that Buckhalter might have it for $25,000 down, balance secured by mortgage. Buckhalter came to these terms and purchased the hotel but Flower refused Humphreys his commission.

It is clear that if the jury believed this evidence they must conclude that Humphreys had earned his commission. It is claimed that the contract of purchase which Bennett proposed as that which he was willing to enter into did not conform to the terms given by Flower to Humphreys, and that is true; but it is also true that there was evidence which the jury had a right to believe, including evidence of the declaration of Flower himself, or his agent in his presence, that Bennett had acceded to all the terms that Flower desired in a conversation between the two *after* Bennett's proposition had been made. Bennett also testified that Flower told him "what the terms were that had to be complied with" and that he said they were satisfactory to him. This was equivalent, for the purposes of a commission, to an acceptance by Bennett of Flower's original terms to plaintiff if indeed it was not actually the same. One cannot accept a proposition by a purchaser and then deny any commission whatever to the broker

who procured him on the ground that the terms given the broker are not complied with. The fact, therefore, if it be a fact, that Flower conceded some points to Bennett is immaterial but it would seem from the evidence that the concessions were all made by Bennett according to Flower's requirements. The jury therefore had a right to find according to the instructions given by the court that Bennett was ready, willing and able to buy on the terms proposed by Flower to the plaintiff.

The letter of Flower to Humphreys of June 5, in which the terms of sale were stated, contained the following—

"Notice: We reserve the right, after 24 hours to close other negotiations now pending without notice to you."

It is claimed that under this notice Flower might close the "other negotiations" even though Humphreys after the lapse of the 24 hours, had procured a purchaser on the required terms. We do not so construe this notice. Its effect is to give Humphreys twenty-four hours during which Flower has no "right" * * * "to close other negotiations now pending" without notice to Humphreys. After that Humphreys' position is as before the notice. This argument of plaintiff in error would lead to the conclusion that Humphreys' authority ceased at the end of these hours; but the notice will not bear such a construction and Flower until June 10, continued to deal with him, and with Bennett, the purchaser who he had procured.

There are some other objections which are argued, but all, in the last analysis, are based on the insufficiency of the evidence and are answered by what we have said.

Judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.

MR. JUSTICE TELLER sitting as Chief Justice.