No. 11,223.

UNITED CIGAR STORES COMPANY OF AMERICA *v.* IVINS.

Decided June 29, 1925. Rehearing denied September 8, 1925.

Action by broker for commission on rental of property. Judgment for plaintiff.

*Affirmed.*

*On Application for Supersedeas.*

1.  BROKERS—*Real Estate—Commission.* A broker who produces a renter for property, but is prevented from consummating a lease by the conduct of his principal, is nevertheless entitled to a commission in accordance with the terms of his contract.

2.  CONTRACT—*Nonperformance.* He who prevents a thing from being done may not avail himself of the nonperformance which he occasioned.

*Error to the District Court of the City and County of Denver, Hon. James C. Starkweather, Judge.*

Mr. HUDSON MOORE, for plaintiff in error,

Messrs. Ponsford, Pender & Larwill, for defendant in error.

*Department One.*

Mr. Justice Burke delivered the opinion of the court.

These parties appeared in reverse order in the trial court and we hereinafter so refer to them.

Plaintiff brought suit for a commission for the rental of defendant's property and had judgment. To review that judgment defendant brings error and asks that the writ be made a supersedeas.

Defendant owned some store rooms in Denver which it desired to lease. Plaintiff solicited employment as broker in that behalf and an agreement, evidenced by letters, was entered into whereby he was to find a tenant and receive "1 per cent for the full term of any lease that you may negotiate for us, payable on the signing of such lease by both parties." Defendant leased the property in question to one Light. On that deal plaintiff obtained his judgment. The amount thereof is not disputed.

Defendant contends that plaintiff did not produce the tenant. We think the evidence that he did so was overwhelming. Defendant next says plaintiff did nothing more. The record so shows. Answering defendant's assertion that this was not enough under the contract to earn the commission plaintiff says defendant prevented his negotiation of the lease. The trial court so found and we think the evidence fully supports that finding.

Defendant's Denver agent was one Manley, and its Chicago agent one Horwitz. When Light was absent from Denver one Fisher, a business associate, was representing him. Plaintiff had known Light for ten years, met him on the street in front of the property, told him he represented defendant and had authority to lease, and quoted prices, etc. Light explained his business as "Men's and Women's Apparel" and asked some concession as to

terms. All this plaintiff reported to Horwitz by letter. The latter answered that he was not sure he would accept the business because apparently competing with another tenant, but if that could be arranged might make the requested concession as to rent, that he would be in Denver soon after March 15 "and will be very glad to call on you and take these matters up with you in person." Thereafter Manley began negotiations with Light, corresponding with Horwitz. Plaintiff called on Manley frequently to learn when Horwitz would reach Denver. Meanwhile Light went to New York. Horwitz reached Denver March 24, saw Manley, and together they saw Fisher who submitted a proposal made by Light from New York by wire. This Horwitz, through Fisher, accepted and wired Light he would meet him in New York March 28. Horwitz left Denver March 25 and the lease was closed in New York March 28. Plaintiff was not advised of the presence of Horwitz in Denver, knew nothing more of the deal until the contract was closed, and never saw Horwitz until the latter returned to Denver April 3. Some of this evidence is disputed, principally by the conflicting and apparently inaccurate statements of Light and Horwitz, but we have no doubt the preponderence supports the foregoing statement. The lease as made was for "Men's Apparel" only and the concessions suggested to Light by plaintiff and reported by him to Horwitz were granted therein. These slight variations in the terms as originally quoted in the contract of employment could doubtless have been arranged by plaintiff had the opportunity been given him. They are no sufficient defense to his claim for commission. *Flower v. Humphreys,* 72 Colo. 25, 209 Pac. 503.

We think this record discloses a very clear case of an owner taking his agent's client, thus forcing a breach of contract and attempting to evade compensation by reason thereof.

"He who prevents a thing from being done may not avail himself of the nonperformance which he has, him-

self, occasioned." *Empson Packing Co. v. Clawson,* 43 Colo. 188, 197, 95 Pac. 546.

The supersedeas is accordingly denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.